**ROBINS KAPLAN LLP**
David Martinez (Cal. Bar # 193183)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile:  (310) 229-5800
DMartinez@RobinsKaplan.com

Christopher K. Larus (*pro hac vice*)
Sharon E. Roberg-Perez (*pro hac vice*)
Alyssa N. Lawson (Cal. Bar # 267107)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Telephone: (612) 349-8500
Facsimile:  (612) 339-4181
CLarus@RobinsKaplan.com
SRoberg-Perez@RobinsKaplan.com
ALawson@RobinsKaplan.com

Attorneys for Defendants
ORTHOCOR MEDICAL, INC. and
CAERUS CORP.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDONOVO THERAPEUTICS, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>KVP INTERNATIONAL, INC., a California Corporation, ORTHOCOR MEDICAL, INC., a Delaware Corporation, and CAERUS CORP., a Minnesota Corporation,<br><br>        Defendant. | Case No. 5:19-cv-00257-JAK-KK<br><br>**DEFENDANTS CAERUS AND ORTHOCOR'S MOTION TO DISMISS ENDOVONO THERAPEUTICS, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT OR, IN THE ALTERNATIVE, TRANSFER**<br><br>Honorable John A. Kronstadt<br>Courtroom: 10B<br>Date: June 17, 2019<br>Time: 8:30 a.m.<br><br>Action filed: February 7, 2019<br>Trial Date:  None set |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 17, 2019, at 8:30 a.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at Courtroom 10B, 350 W. First Street, Los Angeles, CA 90012, Defendants Caerus Corp. ("Caerus") and OrthoCor Medical, Inc. ("OrthoCor") (collectively, "Caerus Defendants") will and hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(3), 12(b)(6), and 28 U.S.C. § 1406(a), for an order dismissing or, in the alternative, transferring Plaintiff Endonovo Therapeutics, Inc.'s ("Endonovo" or "Plaintiff") First Amended Complaint.

## **LOCAL RULES 7-3 CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3 and Paragraph 9(c) of the Standing Order for Civil Cases Assigned to Judge Kronstadt, which took place on April 15, 2019.


Dated: April 22, 2019          **ROBINS KAPLAN LLP**

By: */s/ David Martinez*

David Martinez (Cal. Bar # 193183)
Christopher K. Larus (*pro hac vice*)
Sharon E. Roberg-Perez (*pro hac vice*)
Alyssa N. Lawson (Cal. Bar # 267107)

*Counsel for Defendants Caerus Corp. and OrthoCor Medical, Inc.*

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I.      INTRODUCTION....................................................................................1

II.     FACTUAL BACKGROUND ..................................................................2

III.    PLAINTIFF'S FIRST AMENDED COMPLAINT AGAINST THE
        CAERUS DEFENDANTS SHOULD BE DISMISSED UNDER FED.
        R. CIV. P. 12(B)(3) FOR IMPROPER VENUE, OR,
        ALTERNATIVELY TRANSFERRED .........................................................10

        A.      Venue Is Improper In The Central District of California,
                Warranting Dismissal Pursuant to FRCP 12(b)(3) .............................10

        B.      In The Alternative, All Defendants Should Be Transferred To
                The District Of Minnesota Under 28 U.S.C. § 1406(a).......................13

IV.     PLAINTIFF'S DIRECT, INDIRECT, AND WILLFUL
        INFRINGEMENT CLAIMS SHOULD BE DISMISSED UNDER
        FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM.............15

        A.      Plaintiff's Direct Infringement Claims Should Be Dismissed For
                Failure To Sufficiently Allege Facts That Support A Claim For
                Direct Infringement.............................................................................16

        B.      Plaintiff's Indirect Infringement Claims Should Be Dismissed
                For Failure To Sufficiently Allege Facts That Support A Claim
                For Indirect Infringement....................................................................19

        C.      Plaintiff's Willful Infringement Claims Should Be Dismissed
                For Failure To Sufficiently Allege Facts That Support A Claim
                For Willful Infringement......................................................................21

V.      CONCLUSION .......................................................................................22

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

MOTION TO DISMISS AMENDED
COMPLAINT

-i-

5:19-CV-00257-JGB-KK

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrams Shell v. Shell Oil Co.*,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001) ............................................................... 10

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ........................................................................ 19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 15, 16

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016) ................................................................ 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 15

*California Expanded Metal Products Co. v. Klein*,
    Case No. CV18-00242 DDP, 2018 U.S. Dist. LEXIS 118254 (C.D.
    Cal. Apr. 30, 2018) ......................................................................................... 10

*Cottman Transmission Sys., Inc. v. Martino*,
    36 F.3d 291 (3rd Cir. 1994) ...................................................................... 14, 15

*Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005) ..................................................................... 19

*e.Digital Corp. v. iBaby Labs, Inc.*,
    No. 15-cv-05790-JST, 2016 U.S. Dist. LEXIS 111689 (N.D. Cal.
    Aug. 22, 2016) ............................................................................................... 16

*Fox Factory, Inc. v. SRAM, LLC*,
    No. 3:16-cv-00506-WHO, 2018 U.S. Dist. LEXIS 3281 (N.D. Cal.
    Jan. 8, 2018) .................................................................................................. 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) .................................................................................. 21

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ....................................................... 12, 13, 14

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

*Kandefer v. Digitized Audio Communs.*,
   1994 U.S. Dist. LEXIS 6647 (N.D. Cal. Mar. 23, 1994) ................................... 12

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) .............................................................................. 16

*North Star Innovations, Inc. v. Etron Tech. Am. Inc.*,
   CV 8:16-00599 SJO (FFMxx), 2016 U.S. Dist. LEXIS 188041
   (C.D. Cal. Sept. 21, 2016) ............................................................................. 16, 17

*North Star v. Micron Tech, Inc.*,
   Civil Action NO. 17-506-LPS-CJB, 2017 U.S. Dist. LEXIS 189624
   (D. Del. Nov. 16, 2017) ................................................................................. 17, 18

*Presidio Home Care, LLC v. B-East, LLC*,
   No. CV 14-1864 RSWL, 2014 U.S. Dist. LEXIS 82686 (C.D. Cal.
   June 13, 2014) ....................................................................................................... 14

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
   Civil Action No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del.
   Nov. 4, 2016) ........................................................................................................ 19

*Prolacta Bioscience, Inc. v. Ni-Q, LLC*,
   CV 17-04071 SJO (Ex), 2017 U.S. Dist. LEXIS 217030 (C.D. Cal.
   Aug. 7, 2017). ............................................................................................ 11, 12, 16

*Reflection, LLC v. Spire Collective LLC*,
   No. 17CV1603- GPC(BGS), 2018 U.S. Dist. LEXIS 2429 (S.D.
   Cal. Jan. 5, 2018) ................................................................................................. 13

*Schnell v. Peter Eckrich & Sons, Inc.*,
   365 U.S. 260 (1961) .............................................................................................. 11

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
   282 F. Supp. 3d 916 (E.D. Va. 2017) ................................................................... 13

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
   188 F. Supp. 3d 367 (D. Del. May 18, 2016) ....................................................... 20

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ......................................................................................... 11

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

*TeleSign Corp. v. Twilio, Inc.*,
  No. CV 16-2106 PSG, 2016 U.S. Dist. LEXIS 123516 (C.D. Cal.
  Aug. 3, 2016) .................................................................................. 16, 19, 20

*Valinge Innovation AB v. Halstead New England Corp.*,
  Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del.
  May 29, 2018) ............................................................................................ 21

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ................................................................ 19, 20

**Statutes**

28 U.S.C. 1391(c) ............................................................................................ 13

28 U.S.C. § 1400(b) .................................................................................... 11, 13

28 U.S.C. § 1406(a) .................................................................. 10, 13, 14, 15, 22

35 U.S.C. § 271(b) .......................................................................................... 18

**Rules**

Fed. R. Civ. P. 12(b)(3) .......................................................... 10, 13, 22

Fed. R. Civ. P. 12(b)(6) .......................................................... 15, 22

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On March 22, 2019, Defendants moved to dismiss Endonovo's complaint for failure to meet the pleading standards mandated by *Iqbal* and *Twombly* and for improper venue. Instead of responding to Defendants' Motion, Plaintiff filed a First Amended Complaint, which failed to adequately remedy the numerous deficiencies identified in Defendants' earlier motion to dismiss. Plaintiff's First Amended Complaint still suffers from the same fatal defects identified in Defendants' earlier motion, and its Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6).

First, Plaintiff's First Amended Complaint fails to properly plead venue. In a patent infringement action, venue is only proper under Section 1400(b) either (1) in the judicial district where the defendant resides or (2) in a judicial district where the defendant has committed acts of infringement and has a regular and established place of business. The Caerus Defendants meet neither of these strict requirements. Plaintiff fails to plead *any* facts that the Caerus Defendants "reside" or have a "regular and established place of business" in the Central District of California. Plaintiff now requests discovery, which should be denied for the reasons set forth in the Caerus Defendants' opposition. (Dkt. 49.) Plaintiff's First Amended Complaint concedes that Orthocor is incorporated in Delaware, and Caerus Corp. is incorporated in Minnesota. (Dkt. 46, ¶¶ 17, 18.) It also concedes that the Caerus Defendants have principal places of business in Minnesota. (*Id*.) It states no facts to support its bare allegation that venue is proper in this district. (*Id*. at ¶ 25.) It is not, for the reasons set forth herein. Accordingly, Plaintiff's First Amended Complaint should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). In the alternative, if the interests of justice so require, the case should be transferred pursuant to 28 U.S.C. § 1406(a) to the District of Minnesota, where the case could have been brought against the Caerus Defendants.

MOTION TO DISMISS AMENDED
COMPLAINT

5:19-CV-00257-JGB-KK

Moreover, Plaintiff's First Amended Complaint remains deficient under Rule 12(b)(6) for failing to state a claim for relief. Plaintiff now asserts infringement of six patents that generally relate to Pulsed Electromagnetic Field ("PEMF") technology.

After the Supreme Court heightened the pleading standards in *Twombly* and *Iqbal*, courts in patent infringement cases have dismissed similar claims to those pled by Plaintiff. To adequately plead direct infringement, the law requires that the plaintiff plead sufficient *factual* allegations to support a plausible assertion that at least one product infringes each and every limitation of at least one claim. This means that the complaint must correlate each claim limitation with a specific product feature in a manner that is at least facially plausible. While Plaintiff purports to explain "how" the accused products infringe the patents-in-suit through claim charts attached to its First Amended Complaint, none of the charts contain plausible allegations regarding how any accused products meets each and every limitation of any charted claim.  And, while Plaintiff's indirect and willful infringement allegations may be lengthy, they largely contain threadbare recitations of the legal elements, failing to set forth sufficient or factual allegations that state a plausible claim for relief. Accordingly, Plaintiff's complaint should also be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts supporting its claims.

## II.    FACTUAL BACKGROUND

### *Original Complaint*

Plaintiff Endonovo filed the Complaint in this case on February 7, 2019. (Dkt. 1.) In its Complaint, Plaintiff asserted claims for direct, indirect, and willful infringement against the Caerus Defendants and another defendant, KVP International, Inc. ("KVP"). The patents asserted in the Original Complaint included: U.S. Patent Nos. 7,740,574, entitled "Electromagnetic Treatment Induction Apparatus and Method for Using Same;" 7,758,490, entitled "Integrated

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

Coil Apparatus for Therapeutically Treating Human and Animal Cells, Tissues and Organs with Electromagnetic Fields and Method for Using Same;" 8,961,385, entitled "Devices and Method for Treatment of Degenerative Joint Diseases with Electromagnetic Fields;" and 9,656,096, entitled "Methods and Apparatus for Electromagnetic Enhancement of Biochemical Signaling Pathways for Therapeutics and Prophylaxis in Plants, Animals and Humans."

### First Amended Complaint

On March 22, 2019, Defendants moved to dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to specifically identify facts necessary to support any infringement theory and for improper venue under Federal Rule of Civil Procedure 12(b)(3). (Dkt. 27.) Plaintiff filed an ex parte motion to extend the deadlines on the motion and to file a motion requesting venue discovery, which the Court granted. (Dkt. 39, 41.) On April 3, 2019, Plaintiff filed a motion for venue discovery of the Caerus Defendants. (Dkt. 44.)  Caerus Defendants opposed. (Dkt. 49.)

Instead of responding to the Defendants' motion to dismiss, on April 8, 2019, Plaintiff amended its Complaint. (Dkt. 46.)  In addition to alleging infringement of the four originally asserted patents, Plaintiff asserted two new patents: U.S. Patent Nos. 10,207,122, entitled "Method and Apparatus for Electromagnetic Enhancement of Biochemical Signaling Pathways for Therapeutics and Prophylaxis in Plants, Animals and Humans;" and 10,226,640, entitled "Devices and Method for Treatment of Degenerative Joint Diseases with Electromagnetic Fields." (Dkt. 46, ¶ 7.)  The six asserted patents are referred to collectively herein as the "patents-in-suit."

### Direct infringement allegations

A number of the Caerus Defendants' products are accused of allegedly infringing the patents-in-suit. The First Amended Complaint accuses OrthoCor of infringement for selling its OrthoCor's Active System product line. It includes two

images and a brief description of the products' use based on material from OrthoCor's website. (*Id.* at ¶¶ 67-68, 73.) The First Amended Complaint also accuses Caerus of selling the OrthoCor Active System separately from OrthoCor. (*Id.* at ¶¶ 71, 73.) The Caerus Defendants are also accused of selling additional, allegedly infringing products including the EMbrace Relief System, EMpower Device, and EMbrace L'il Back System. (*Id.* at ¶¶ 62-66, 73.) Lastly, the First Amended Complaint accuses KVP's Cura line of products. (*Id.* at ¶¶ 57-61, 73.) Plaintiff claims that Orthocor supplies KVP with components for use in the KVP Cura products. (*Id.*)

Plaintiff's First Amended Complaint includes claim charts in an attempt to show how exemplary products infringe each limitation of one or more claim of the asserted patents:

|  | KVP Cura | OrthoCor Active System |
|---|---|---|
| '574 Patent | Exhibit E | Exhibit F |
| '490 Patent | Exhibit G | Exhibit H |
| '385 Patent | Exhibit I | Exhibit J |
| '096 Patent | Exhibit K | Exhibit L |
| '122 Patent | Exhibit S | Exhibit T |
| '640 Patent | Exhibit U | Exhibit V |

However, upon review, it is evident that *none* of the charts plausibly show claims of direct infringement for each of the above products and patents-in-suit. And this is because no chart explains how any accused product meets each and every limitation of any claim.

1    For example, for the '574 and '490 patents, Plaintiff provides no explanation

2    for how the limitation that requires "choosing a value of said at least one waveform

3    parameter to satisfy a signal to noise ratio" is met.  While each of the charts

4    purports to provide "some" information, Plaintiff does not set forth how this

5    particular claim limitation is met, instead merely cutting and pasting material from

6    a website. (*See, e.g.,* Dkt. 46-6 at 3 [Ex. F] (below); *see also* Dkt. 46-5 at 4 [Ex. E],



| Choosing a value of said at least one waveform parameter to satisfy a signal to noise ratio model, so that said at least waveform is configured to be detectable in said target pathway structure above background activity in said target pathway structure: | **Accelerate your body's natural ability to heal.** The key to OrthoCor's therapy is the use of specialized PEMF technology. In particular, PEMF works at the source of injuries, and helps accelerate the body's natural anti-inflammatory and recovery responses.<br><br>**Reduce inflammation with PEMF.** Inside every Active System is the OrthoCor, a powerful microchip that delivers PEMF directly to the source of injuries. Furthermore, PEMF has been shown to stimulate reaction pathways that result in pain and inflammation reduction.<br>http://www.orthocormedical.com/patients/ |

16    46-6 at 3 [Ex. F], 46-7 at 3 [Ex. G], 46-8 at 4 [Ex. H].) At best, as illustrated above,

17    Plaintiff has charted that a PEMF waveform is delivered, but not how that

18    waveform includes "a parameter to satisfy a signal to noise ratio model, so that said

19    at least waveform is configured to be detectable in said target pathway structure

20    above background activity in said target pathway structure."

21    For the '385 Patent, Plaintiff fails to provide any explanation as to why the

22    data and technical specifications it included in its charts would meet the limitation

23    "the treatment regime comprises bursts of electromagnetic signals having a peak

24    amplitude of less than 200 milliGuass." (*See e.g.*, Dkt. 46-10 at 3-4 [Ex. J] (below;

25    emphasis added); *and see* Dkt. 46-9 at 4-5 [Ex. I].)

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

| applying a treatment regime from the therapy device, wherein the treatment regime comprises bursts of electromagnetic waves having a peak amplitude of less than about 200 milliGauss, | *Upon information and belief*, the microcontroller is configured to drive the applicator to deliver bursts of electromagnetic waves having a peak amplitude of less than 200 milliGauss. <br><br> Defendant Orthocor's assertion that the accused device delivers bursts of electromagnetic waves having a peak amplitude of 40,420 milliGauss or 0.004042 Tesla is inaccurate and illogical. <br><br> The current needed to generate a 0.004042 Tesla field would exceed 100 Amperes. <br><br> This would far exceed the absolute maximum pulsed current rating of their *Class-E MOSFET switching element (Infineon BSP300)* of a mere 0.76 Amperes. <br><br> $B = (\mu 0\ i\ N)/(2\ r)$ <br><br> Where B is the magnetic field strength in Tesla, $\mu 0$ is the magnetic permeability of free space ($1.257 \times 10^{-6}$ H/m), N is the number of turns, and r is the radius of the loop. <br><br> Rearranging things to Solve for current i a given magnetic field B. <br><br> $i = (B\ 2\ r)/(\mu 0\ N)$ <br> $2\ r$ = diameter of the loop. <br> Taking a Diameter 3.2 Inch  (0.08128meter) would only be an approximation since their coil is not circular, yields a current of 130 Amperes.   This is not possible with OrthoCor's circuit. |
|---|---|

Plaintiff alleges that the "less than about 200 milliGauss" limitation is met solely based "upon information and belief." There are no factual allegations that plausibly set forth "how" that limitation might be met.  Plaintiff additionally appears to rely upon the current rating for a commercially available switching element, the Infineon BSP300, but has nowhere set forth an explanation for why that element is in any way relevant to the accused products.

Similarly for the '096 Patent, Plaintiff makes assumptions related to the limitation "a peak electric field between 1 to 100 V/m" without providing any support in the form of a factual allegation as to how the accused products induce "a peak electric field" *within the claimed range*. (Dkt. 46-11 at 3-4 [Ex. K], 46-12 at

MOTION TO DISMISS AMENDED
COMPLAINT

5:19-CV-00257-JAK-KK

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

3-4 [Ex. L].) At best, Plaintiff has charted that an electric field is induced, relying upon "information and belief" that the field is within the scope of the claim. The same is true for the '122 Patent. Plaintiff's claim charts include excerpts from the accused products' technical specifications. (Dkt. 46-19 at 3 [Ex. S], 46-20 at 3 [Ex. T].) But they nowhere explain why those specifications establish that the products "induce an electric field of amplitude *of less than about [a] V/m*." *Id.*

Lastly, for the '640 Patent, Plaintiff's chart states that the accused KVP product does ***not*** meet the limitation "having a peak amplitude within a range of between 50 and 200 milliGauss." (Dkt. 46-21 at 3-4 [Ex. U] (stating the "Peak Amp is equivalent to approximately 40 milliGauss").) This begs the question of why this product is accused of infringing this claim. Plaintiff also fails to explain how the OrthoCor Active System meets this element, relying on an "information and belief" statement, as well as a citation to a commercially available switching element, but never explaining why any of the cited material supports a plausible assertion that the accused product falls within the scope of the claim. (Dkt. 46-22 at 3-4 [Ex. V].)

### *Indirect infringement allegations*

Plaintiff also asserts claims for indirect infringement pursuant to 35 U.S.C. § 271(b) for induced infringement. (*Id.* at Counts II, IV, VI, VIII, X, XII.) Plaintiff did not amend its allegations from the Original Complaint. In support of its inducement claims, Plaintiff alleges in its First Amended Complaint, without citing to any factual support, that all of the Defendants indirectly infringe by:

> supplying components and otherwise instructing, directing and/or requiring others, including each of the other Defendants, as well as other suppliers, resellers, developers, distributors, customers, purchasers, consumers and/or other users to perform some or part of the steps of the '574 Patent's method claims, whether literally or under the doctrine of equivalents, where all such steps of the method claims are performed either by the Defendants or its suppliers, resellers, developers, distributors, customers, purchasers, consumers and/or other users, or some combination thereof.

MOTION TO DISMISS AMENDED
COMPLAINT

5:19-CV-00257-JAK-KK

Endonovo is informed and believes, and on that basis alleges, that Defendants, and each of them, knew or were willfully blind to the fact that they each were inducing others, including each other, as well as other suppliers, resellers, developers, distributors, customers, purchasers, consumers and/or other users to infringe by practicing either themselves or in conjunction with Defendants, one or more of the method claims of the '574 Patent.

Endonovo is informed and believes, and on that basis alleges, that Defendants, and each of them, knowingly and actively aided and abetted the direct infringement of the '574 Patent by instructing, directing, encouraging, and/or requiring others, including each of the other Defendants, as well as other suppliers, resellers, developers, distributors, customers, purchasers, consumers and/or other users to use the '574 Infringing Products. . .

Examples of wrongful instruction, encouragement, advertisement, and distribution of guidelines can be seen on Defendants' websites, advertisements for the '574 Infringing Products, as well as Defendants' own FAQ sheets, brochures, User Guides and Instruction Sheets for the '574 Infringing Products, which, among other things, instructs, and/or encourages combining the PEMF inductive devices to a brace or other therapeutic device and/or item which is thereafter placed by the instructions near the location of the injured area requiring the therapy.

(*Id.* at ¶¶ 92-95; *see also* '490 Patent (¶¶ 117-120), '385 Patent (¶¶ 141-144), '096 Patent (¶¶ 166-169) , '122 Patent (¶¶ 191-194), '640 Patent (¶¶ 216-219) (alleging nearly identical language for each patent).)

The First Amended Complaint does not contain any specific facts to support any of these boilerplate allegations. For example, despite alleging that Defendants "knew" or "knowingly" induced infringement, Plaintiff does not allege that Caerus or OrthoCor knew about any of the patents-in-suit. Plaintiff provides no specific facts as to how any of the Defendants allegedly induced infringement and pleads no allegations of any specific intent to deceive.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Willfulness allegations*

The First Amended Complaint's requests for a finding of willful infringement for each of the patents-in-suit are similarly threadbare and lack any allegations of knowledge of the patents-in-suit. Plaintiff alleges that "upon information and belief" Caerus and OrthoCor *are* aware of some of the inventor's patents because they are in the same PEMF field as OrthoCor's products and own patents. (*Id.* at ¶¶ 51-53.) The Original Complaint stated only that OrthoCor and Caerus "must be aware" of the patents. (Dkt. 1 ¶¶ 43-47.) Despite the change from "must be aware" to "are aware," Plaintiff fails to plead any facts to make this plausible, including any facts that would demonstrate that the Caerus Defendants were in fact aware of any of the patents-in-suit prior to Plaintiff's filing of this lawsuit. At most, Plaintiff adds factual allegations that OrthoCor submitted a 510(K) in 2009 that listed products that Plaintiff baldly asserts were "protected by the Patents-in-Suit and sold by the owner of the Patents-in-Suit." (Dkt. 46 ¶ 54.) The only other allegation of willfulness is similarly conclusory: "Endonovo is informed and believes, and on that basis alleges, that the infringement of the [patent-in-suit] by Defendants, and each of them, is and has been intentional, willful and without regard to Endonovo's rights. Defendants, and each of them, are aware of Dr. Pilla and his pioneering EMF research and the patents he obtained while conducting that research, which Endonovo now owns." (*Id.* at ¶¶ 86, 111, 135, 160, 185, 210.) There are *zero* specific factual allegations in the First Amended Complaint that Caerus or OrthoCor actually knew about any of the **patents-in-suit**.

*Venue Allegations*

The First Amended Complaint did not add any factual allegations related to venue. The only allegation regarding venue states:

Venue is also proper in this court pursuant to 28 United States Code sections 1391 and 1400 where these Defendants reside, or have

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

committed acts of infringement within this district and have a regular and established place of business.

(Dkt. 46 ¶ 25.)

The First Amended Complaint also states that Caerus is a "corporation organized under the laws of the State of Minnesota," with its principal place of business in Minnesota (Dkt. 46 ¶ 18), and that OrthoCor is a "corporation organized under the laws of the State of Delaware," with its principal place of business in Minnesota (Dkt. 46 ¶ 17).

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT AGAINST THE CAERUS DEFENDANTS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(3) FOR IMPROPER VENUE OR, ALTERNATIVELY, TRANSFERRED

Under Federal Rule of Civil Procedure 12(b)(3), a complaint may be dismissed for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Plaintiff bears the burden of proving that venue is proper in the chosen district. *California Expanded Metal Products Co. v. Klein*, Case No. CV18-00242 DDP (MRWx), 2018 U.S. Dist. LEXIS 118254, at *3 (C.D. Cal. Apr. 30, 2018) (citation omitted).

If a case has been filed in the wrong judicial district or division, the court must "dismiss [the complaint], or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If venue is improper and the defendant makes a timely objection, transfer or dismissal is mandatory. *See id.*; *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1102 (C.D. Cal. 2001) (Where venue is *improper*, a court must dismiss *or* transfer under 28 U.S.C. § 1406.") (emphasis in original).

### A. Venue Is Improper In The Central District Of California, Warranting Dismissal Pursuant To FRCP 12(b)(3)

For patent infringement claims, venue is proper in (1) any judicial district where the defendant resides, or (2) any judicial district where the defendant has committed acts of infringement and has a regular and established place of business.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1  28 U.S.C. § 1400(b). The provisions of § 1400(b) are not to be liberally construed.

2  *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260 (1961). Plaintiff has not even

3  attempted to demonstrate that either of the statutory requirements is met in this

4  District. They are not.

5  The first prong for determining patent venue is "where the defendant

6  resides." § 1400(b). The Supreme Court clarified in *TC Heartland* that for purposes

7  of Section 1400(b), a domestic corporation "resides" only in its state of

8  incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct.

9  1514, 1516-19 (2017). Here, it is undisputed that Caerus, a domestic corporation, is

10  incorporated in the state of Minnesota, and not in the Central District of California.

11  (Dkt. 46 ¶ 18.) Similarly, it is undisputed that OrthoCor is a domestic corporation

12  incorporated in the state of Delaware, and not in the Central District of California.

13  (*Id.* at ¶ 17.) As such, the Central District of California cannot be the judicial

14  district where Caerus or OrthoCor "resides" for purposes of Section 1400(b).

15  Accordingly, because the Caerus Defendants do not "reside" in this judicial district,

16  venue is improper under the first prong.

17  The second prong for determining patent venue is "where the defendant has

18  committed acts of infringement and has a regular and established place of

19  business." § 1400(b). "In assessing whether a defendant has a regular and

20  established place of business in a district, the court determines whether the

21  defendant does business in the district through a permanent and continuous

22  presence there." *Prolacta Bioscience, Inc. v. Ni-Q, LLC*, CV 17-04071 SJO (Ex),

23  2017 U.S. Dist. LEXIS 217030, *16 (C.D. Cal. Aug. 7, 2017). It is Plaintiff's

24  burden to make this showing. *Id.* Plaintiff in this case made no such effort.

25  The Federal Circuit has set forth three factors to show a "regular and

26  established place of business" under Section 1400(b):

27  (1) [T]here must be a physical place in the district; (2) it must be a
28  regular and established place of business; and (3) it must be the place

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b).

*In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff fails to plead any of these factors. Under the first factor, Plaintiff fails to allege that Caerus or OrthoCor have a "physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362; *see* Dkt. 46 ¶ 25. Nor has Plaintiff alleged any facts to demonstrate that OrthoCor or Caerus have a "permanent and continuous presence there." *Prolacta*, 2017 U.S. Dist. LEXIS 217030 at *16; *see also Kandefer v. Digitized Audio Communs.*, 1994 U.S. Dist. LEXIS 6647, *10 (N.D. Cal. Mar. 23, 1994) ("the defendant must be doing business in the district through a permanent and continuous presence and be regularly engaged in carrying on a substantial part of his ordinary business on a permanent basis.") (internal citations and quotations omitted). This is not surprising, as the First Amended Complaint states, explicitly, that OrthoCor and Caerus are *Minnesota*-based businesses. (Dkt. 46 ¶¶ 17-18.)

Under the second and third factors, the established place of business must be "regular" and the "place of the defendant." "A business may be 'regular,' for example, if it operates in a 'steady[,] uniform[,] orderly[, and] methodical' manner. In other words, sporadic activity cannot create venue." *In re Cray*, 871 F.3d at 1362 (citations omitted). Plaintiff provides no allegations in relation to either factor.

Plaintiff's allegations related to sales to third parties within California, or sales of components to KVP within the district (unrelated to its venue allegations), do not remedy the issue. Numerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute. *See Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, 2018 U.S. Dist. LEXIS 3281, at *11 (N.D. Cal. Jan. 8, 2018) (Independent dealers in a district do not qualify as a "regular and established place of business"); *Reflection, LLC v. Spire Collective LLC*, No. 17CV1603- GPC(BGS), 2018 U.S. Dist. LEXIS

2429, at *8-9 (S.D. Cal. Jan. 5, 2018) (storing products in an independent distributor's warehouse and selling products in the state through a third party are not sufficient to show venue under § 1400(b)); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (a subsidiary's three locations cannot be imputed to the parent company for purposes of venue because the subsidiary is a distinct corporate entity). Plaintiff has not pled that Caerus and OrthoCor have regular and established places of business in the Central District of California.[1]

In applying § 1400(b), it is important "not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *Cray*, 871 F.3d at 1361. The "regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue statute, 28 U.S.C. 1391(c)." *Id.* (citation omitted). The standard for patent venue is stricter and more exacting and must be proved independently of personal jurisdiction. Plaintiff has not done so.

Because Plaintiff has not alleged facts sufficient to satisfy the rigors of Section 1400(b), the Court should dismiss the First Amended Complaint against Caerus and OrthoCor under Fed. R. Civ. P. 12(b)(3).

**B.     In The Alternative, The Action Should Be Transferred To The District Of Minnesota Under 28 U.S.C. § 1406(a)**

It is well established that "proper venue under [§] 1400(b) must be established as to . . . each defendant." *See* 8-21 Chisum on Patents 21.02[2][f] (2017); *see also Presidio Home Care, LLC v. B-East, LLC*, No. CV 14-1864 RSWL, 2014 U.S. Dist. LEXIS 82686, at *3-4 (C.D. Cal. June 13, 2014). Where

---

[1] OrthoCor and Caerus also deny that any acts of infringement were committed in this district pursuant to Section 1400(b).

MOTION TO DISMISS AMENDED
COMPLAINT

5:19-CV-00257-JAK-KK

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

venue is plainly improper as to at least one defendant in a multi-defendant case, courts have discretion to transfer the *entire case* to another forum that would be proper for all the defendants. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3rd Cir. 1994).

In the context of a motion to transfer under 28 U.S.C. § 1406(a), the relevant inquiry is whether the transferee venue is a district "in which it could have been brought." 28 U.S.C. § 1406(a). There is no question that Plaintiff could have brought this action against OrthoCor and Caerus in the District of Minnesota. Given that the First Amended Complaint concedes that OrthoCor and Caerus have principal places of business in Minnesota, it is in Minnesota that OrthoCor and Caerus regularly conduct business, maintain facilities, and employ personnel. Thus, venue is proper in the District of Minnesota for OrthoCor and Caerus. *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Additionally, the third defendant, KVP, has consented to the jurisdiction of the District of Minnesota should this case be transferred. (Dkt. 30.) Therefore, venue would be proper in the District of Minnesota.

To the extent the Court chooses transfer over dismissal based on improper venue of the Caerus Defendants, it should transfer the *entire* action (i.e., KVP as well) to the District of Minnesota. Outside of the allegations against OrthoCor and Caerus for selling allegedly infringing products, the First Amended Complaint also alleges that Caerus and OrthoCor supply components to KVP's allegedly infringing product. KVP, accordingly, is central to some of the same claims against OrthoCor and Caerus.  If the case against KVP were severed and *not* transferred along with the case against OrthoCor and Caerus (which it should not be), Plaintiff would need to prove at least some of the same claims and overcome the same affirmative defenses in both the Central District of California and the District of Minnesota. Having two courts decide on the same claims in two separate forums would be undoubtedly inefficient. Thus, for the sake of judicial efficiency, and to avoid

MOTION TO DISMISS AMENDED
COMPLAINT

- 14 -

5:19-CV-00257-JAK-KK

litigating the same issues in two places, the entirety of this case should be transferred. *See Cottman*, 36 F.3d at 296.

In *Cottman*, for example, the Third Circuit reversed the trial court's finding that venue in the Eastern District of Pennsylvania was proper for one defendant, but did not dismiss the case against the other defendant for which venue was improper. *Cottman*, 36 F.3d at 296-97. Instead, the court concluded that the proper procedure was to transfer the entire case to the Eastern District of Michigan under Section 1406(a), reasoning that the defendant for which venue was improper in Pennsylvania was "directly connected to the main issues" that gave rise to the plaintiff's claims and that litigating those claims in separate courts would not be "consistent with the sound exercise of discretion." *Id.*

Similarly, here, should the Court decide to transfer (not dismiss) the claims against OrthoCor and Caerus, Section 1406(a) calls for all parties to be transferred to the District of Minnesota, where overlapping issues can be tried in the same forum. *See, e.g., Cottman*, 36 F.3d at 296.

## IV.  PLAINTIFF'S DIRECT, INDIRECT, AND WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth facts that, if true, would entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To adequately plead a claim, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, a court accepts a plaintiff's well-pleaded factual allegations as true and construes all factual inferences in light most favorable to the plaintiff. *See, e.g., Manzarek v. St. Paul Fire & Marine Ins. Co.*,

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

519 F.3d 1025, 1031 (9th Cir. 2008). However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### A. Plaintiff's Direct Infringement Claims Should Be Dismissed For Failure To Sufficiently Allege Facts That Support A Claim For Direct Infringement

Allegations of direct infringement are subject to the pleading standards of *Twombly* and *Iqbal* requiring plaintiffs to demonstrate a "plausible claim for relief." *Prolacta Bioscience*, 2017 U.S. Dist. LEXIS 217030 at *7. To plead direct infringement of each patent-in-suit under the pleading standards of *Twombly* and *Iqbal*, Plaintiff's First Amended Complaint "must include allegations sufficient to permit [the] court to infer that the accused product infringes each element of at least one claim." *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG, 2016 U.S. Dist. LEXIS 123516, at *3 (C.D. Cal. Aug. 3, 2016); *see also e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 U.S. Dist. LEXIS 111689, at *13 (N.D. Cal. Aug. 22, 2016) (holding to plausibly allege infringement plaintiff needed to map each of the limitations of the claim to factual allegations within the complaint).

This court has found that a plaintiff must not only map the products to the claim elements but must "draw any parallels between the accused products and the claim elements" in a manner that permits the Court to plausibly infer that each claim limitation is met. *N. Star Innovations, Inc. v. Etron Tech. Am. Inc.*, CV 8:16-00599 SJO (FFMxx), 2016 U.S. Dist. LEXIS 188041, at *11-12 (C.D. Cal. Sept. 21, 2016). "After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *N. Star Innovations v. Micron Tech, Inc.*, Civil Action NO. 17-506-LPS-CJB, 2017 U.S. Dist. LEXIS 189624, at *3 (D. Del. Nov. 16, 2017); *see also Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

Ill. 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement.").

In *N. Star Innovations v. Etron*, this Court found that the complaint lacked "a single factual allegation concerning the structure and operation of the 512Mb DDR2 SDRAM and 256Mb DDR SDRAM instrumentalities accused of infringing one or more claims of the Asserted Patents." 2016 U.S. Dist. LEXIS 188041 at *12-13. In granting the defendant's motion to dismiss in part, the Court required the plaintiff to "take care to describe the features and components of the 512Mb DDR2 SDRAM and 256Mb DDR SDRAM with a level of detail sufficient to plausibly demonstrate how each limitation is practiced by [defendant]'s products." *Id.*

And in *Atlas IP*, a Northern District of Illinois Court dismissed an amended complaint *without leave to amend* for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) despite the plaintiff including a table purporting to show how the products in that case allegedly practiced each of the claim limitations. 189 F. Supp. 3d at 774. In that case, the defendant alleged that the plaintiff failed to allege specific claim limitations, despite providing *some* explanation of the accused in relation to the claim limitations generally. The court, in a detailed analysis of the claim limitations agreed, finding the plaintiff's claim for relief rests on untenable positions and incorrect claim constructions. *Id.* at 776 ("In short, [plaintiff] has brought a hopeless lawsuit of precisely the sort that the last decade's interpretation of and amendments to the Rules were intended to dispose of quickly and even to deter outright.") Because the plaintiff's entire argument for infringement was speculative, the court held that amendment would be futile and dismissed the case. *Id.* at 778.

"There needs to be some *facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so." *North Star v. Micron Tech, Inc.*, 2017 U.S.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

Dist. LEXIS 189624 at *5 (emphasis in original). Plaintiff "needs to plead facts that say *something* about what that view is—about what the accused product contains that meets these claim limitations (and the others) and that helps the Court *understand* why it is plausible that this is so." *Id.* at *6-7. "If a plaintiff does not do this, how can the Court conclude that it is plausible that the claim limitations are met by the accused product? The Court would basically just have to take Plaintiff's word for it, or assume the Plaintiff must have a good answer that it will later share when it deems the time to be right. That is not what the *Twombly/Iqbal* standard requires." *Id.* at *8. Plaintiff's First Amended Complaint fails to describe the features and components of the accused products with a "level of detail sufficient to plausibly demonstrate how each limitation is practiced" by the accused products. *Id.* Specifically, in cases of "complicated technology"—such as here—"more is likely going to be necessary." *Id.* at *9. Plaintiff does not have to *prove* infringement at the pleading stage, "but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it *plausible* to think a defendant has infringed at least one claim of any asserted patent." *Id.* at *9 (citation omitted, emphasis added).

Plaintiff has not met this burden. As explained above, Plaintiff has failed to provide sufficient factual explanation for what it is about the accused products that leads Plaintiff to believe that any of them meet each and every limitation of any of the charted claims. *Id.*; *see* Section II, above.

Plaintiff has not pleaded facts relating to these claim limitations, sufficient to explain why it is plausible that Defendants' products satisfy those elements of the claim. Thus, because Plaintiff has failed—for a second time— to plead facts sufficient to support an inference that even one of the accused products practices all the limitations of one asserted claim of each of the patents-in-suit, its direct infringement claims should be dismissed without leave to amend.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

**B.**     **Plaintiff's Indirect Infringement Claims Should Be Dismissed For Failure To Sufficiently Allege Facts That Support A Claim For Indirect Infringement**

Plaintiff accuses the Caerus Defendants of indirect infringement of each of the patents-in-suit under 35 U.S.C. § 271(b). (Dkt. 46 at Counts II, IV, VI, VIII, X, XII.) Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." A plaintiff alleging induced infringement must show that the alleged inducer (1) knew of the patent, (2) knowingly induced the infringing acts, and (3) possessed a specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)). Specifically, induced infringement requires "'knowledge of the existence of the patent that is [allegedly] infringed' as well as 'knowledge that the acts [at issue] constitute patent infringement.'" *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, Civil Action No. 13-335-LPS-CJB, 2016 WL 6594076, at *4 (D. Del. Nov. 4, 2016) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)). A plaintiff asserting a claim of induced infringement must also demonstrate direct infringement.  *Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005); *TeleSign Corp.*, 2016 U.S. Dist. LEXIS 123516, at *11.

Plaintiff's indirect infringement claims fail because Plaintiff has not adequately pled direct infringement for the reasons discussed above.[2] But even

---

[2] Plaintiff also suggests that the Caerus Defendants allegedly indirectly infringe the patents-in-suit by inducing third parties "to perform all *or some of* the steps of the method claims." (Dkt. 46 ¶ 74 [emphasis added].) To infringe a method claim, all of the steps of the method must be performed by, or be attributable to, a single entity. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). When more than one actor is involved in practicing the steps, the actions of those actors may be attributable to a single defendant for the purpose of

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

assuming Plaintiff had set forth a plausible claim for direct infringement (which it did not), its indirect infringement claim cannot survive a motion to dismiss. Plaintiff fails to plead *any* facts to support its allegations regarding the other elements of those indirect infringement claims. For example, Plaintiff fails to plead the first element—that the Caerus Defendants knew of any patent-in-suit—with any specificity. Although the First Amended Complaint vaguely states that Caerus and OrthoCor were aware of potentially related patents or products allegedly covered by the patents-in-suit (Dkt. 46 ¶¶ 53-54), it does not contain any facts that Caerus or OrthoCor indeed did know about the patents-in-suit.

Furthermore, Plaintiff fails to not only plead any factual allegations related to the third element of induced infringement—that defendant possessed a specific intent to encourage another's infringement of the patent—Plaintiff utterly failed to even provide a legal recitation of this element. In fact, Plaintiff's First Amended Complaint does not even cite the words "intent" or "intend" in relation to its induced infringement claim. (*See generally id.* at Counts II, IV, VI, VIII, X, XIII.)

Lastly, Plaintiff's conclusory allegations of "wrongful instruction, encouragement, advertisement, and distribution of guidelines" on the Caerus Defendants' "websites, advertisements, . . . FAQ sheets, brochures, User Guides, and Instruction Sheets" to generally allege knowledge of inducement are insufficient because Plaintiff has utterly failed to explain how these materials reflect knowledge of inducement or an intent to encourage infringement. *See Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 188 F. Supp. 3d 367, 377-78 (D. Del. May 18, 2016). The mere fact that an allegedly infringing device comes with instructions or is listed in written materials does not give rise to a plausible claim of

infringement where one entity directs or controls the other's performance or the actors form a joint enterprise. *Id.* at 1022. Plaintiff fails to include *any* factual allegations in the First Amended Complaint that plausibly give rise to an inference of divided infringement.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

inducement against the supplier without an explanation of how those instructions or materials demonstrate knowledge and an intent to induce the user of the device to infringe. Plaintiff offers none.

This blatant failure to provide either factual allegations *or* the required legal elements of an induced infringement claim is fatal. *See Vita-Mix*, 581 F.3d at 1328. Its claims must be dismissed.

### C. Plaintiff's Willful Infringement Claims Should Be Dismissed For Failure To Sufficiently Allege Facts That Support A Claim For Willful Infringement

Plaintiff's allegations that OrthoCor and Caerus have willfully infringed the patents-in-suit are similarly deficient. (Dkt. 46 ¶¶ 86, 111, 135, 160, 185, 210.) A plausibly pleaded claim for willful infringement requires knowledge of the patent or patents at issue. *See Valinge Innovation AB v. Halstead New England Corp.*, Civil Action. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).

Here, Plaintiff merely states that "Endonovo is informed and believes, and on that basis alleges, that the infringement of the [patent-in-suit] by Defendants, and each of them, is and has been intentional, willful and without regard to Endonovo's rights." (Dkt. 46 ¶¶ 86, 111, 135, 160, 185, 210.) Plaintiff does not even provide the proper elements of a willful infringement claim under the Supreme Court's guidance in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (holding enhanced damages should generally be reserved for egregious cases beyond typical infringement and described the conduct as "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.") Further, as noted above, with respect to the asserted patents-in-suit, Plaintiff does not attempt to allege that OrthoCor or Caerus had any knowledge of the patents-in-suit. (*See* Dkt. 46 ¶¶ 86, 111, 135, 160, 185, 210) (alleging only knowledge of related patents and products that Plaintiff states—without any

support— embody the patents-in-suit). Plaintiff also fails to allege facts sufficient to infer willful misconduct that meets the standard articulated in *Halo*. This is clearly insufficient under the *Twombly/Iqbal* standard and requires dismissal.

Thus, since Plaintiff has not pleaded facts to support its allegations related to its direct, indirect, and willful infringement claims, those claims should be dismissed.

## V.   CONCLUSION

In its second attempt, Plaintiff continues to fail to plead facts that adequately support its direct, indirect, and willful infringement claims. Thus, the Caerus Defendants respectfully request that those claims be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Further, because venue in the Central District of California is not proper for OrthoCor or Caerus, the Caerus Defendants also respectfully request that the Court either dismiss OrthoCor and Caerus pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, alternatively, if the interests of justice so require, transfer this case to the District of Minnesota pursuant to 28 U.S.C. § 1406(a).


Dated: April 22, 2019                    **ROBINS KAPLAN LLP**

By: */s/ David Martinez*
David Martinez (Cal. Bar # 193183)
Christopher K. Larus (*pro hac vice*)
Sharon E. Roberg-Perez (*pro hac vice*)
Alyssa N. Lawson (Cal. Bar # 267107)

*Counsel for Defendants Caerus Corp. and OrthoCor Medical, Inc.*

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS