Roland Tong (State Bar No. 216836)
  rjt@manningllp.com
Lewis E. Hudnell, III (State Bar No. 218736)
  lewis@hudnelllaw.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiff
ENDONOVO THERAPEUTICS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDONOVO THERAPEUTICS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KVP INTERNATIONAL, INC., a California Corporation, ORTHOCOR MEDICAL, INC., a Delaware Corporation, and CAERUS CORP., a Minnesota Corporation,<br><br>Defendants. | Case No. 5:19-cv-00257-JAK-KK<br><br>**PLAINTIFF ENDONOVO'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2)**<br><br>Judge: Hon. John A. Kronstadt<br>Courtroom: 10B<br>Date: February 10, 2020<br>Time: 8:30a<br><br>Action Filed: February 7, 2019<br>Trial Date: |

Case No. 5:19-cv-00257-JAK-KK
**PLAINTIFF ENDONOVO'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. CIV. P. 41(a)(2)**

**TO DEFENDANT KVP INTERNATIONAL, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2020, at 8:30 a.m., or as soon as the Motion may be heard at the United States District Court, located at Courtroom 10B, 350 W. First Street, Los Angeles, CA 90012, Plaintiff Endonovo Therapeutics, Inc. ("Endonovo" or "Plaintiff") will move this Court, under Federal Rule of Civil Procedure 41(a)(2) for an order dismissing all parties' claims without prejudice. This motion is made following the in person conference of counsel under L.R. 7-3, which took place on September 23, 2019, subsequent communications, and a telephonic meet and confer between counsel on October 3, 2019.

DATED: October 8, 2019         **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**


                               By: /s/Lewis E. Hudnell, III
                                   Roland Tong
                                   Lewis E. Hudnell, III
                                   Attorneys for Plaintiff
                                   ENDONOVO THERAPEUTICS, INC.

## I. INTRODUCTION

Under Federal Rule of Civil Procedure 41(a)(2) Endonovo respectfully requests that the Court dismiss without prejudice (1) Endonovo's claim that Defendant KVP International, Inc. ("KVP") infringes U.S. Patent Nos. 7,740,574; 7758490; and 8,961,385 (collectively "the patents-in-suit"); and (2) KVP's counterclaims for declaratory relief of non-infringement and invalidity of the patents-in-suit. The requested dismissal resolves all pending claims in the action and accordingly the action should be dismissed.

## II. STATEMENT OF FACTS

Plaintiff Endonovo filed the Original Complaint on February 7, 2019 accusing Defendants Caerus Corp., Orthocor Medical, Inc., and KVP of directly, indirectly, and willfully infringing three of its patents (Dkt. No. 1). In response, Defendants moved to dismiss the Complaint alleging improper venue and failure to state a claim, or in the alternative, transfer. On April 8, 2019, Endonovo filed its First Amended Complaint ("FAC") (Dkt. No. 27). On April 22, 2019, Caerus and Orthocor ("the Caerus Defendants") again filed a motion to dismiss, or in the alternative, transfer but this time moved to dismiss the FAC. (Dkt. No. 54) Thereafter, Endonovo concurrently filed with its Opposition to Defendants' Motion to Dismiss a voluntary dismissal of the Caerus Defendants and a proposed Second Amended Complaint ("SAC") (Dkt. No. 70). This dismissal left KVP as the sole remaining defendant in this case. On June 12, 2019, the Court denied Defendants' motion to dismiss the FAC, ordered Endonovo to file a properly formatted SAC, and ordered KVP to answer the SAC (Dkt. No. 77). Endonovo filed its Second Amended Complaint ("SAC") on June 13, 2019 (Dkt. No. 78). KVP answered the SAC with counterclaims on June 27, 2019 (Dkt. No. 83). On July 29, 2019, the Court struck KVP's Answer and Counterclaims because the answer and counterclaims were not filed as separate documents (Dkt. No. 91). On the same day, KVP filed an Answer (Dkt. No. 93) and Counterclaims (Dkt. No. 92). In its

Counterclaims, KVP asserted non-infringement and invalidity of each of the patents-in-suit.

On August 2, 2019, Endonovo filed a motion to dismiss KVP's counterclaims for failing to satisfy the pleading standard (Dkt. No. 94). On September 23, 2019, the Court granted Endonovo's motion in part and ordered KVP to file amended counterclaims by October 7, 2019 (Dkt. No. 110). On October 7, 2019, KVP filed its First Amended Counterclaims (Dkt. No. 111).

## III.   ARGUMENT

On July 25, 2019, Endonovo produced an Amended and Restated License Agreement between Rio Grande Neurosciences ("RGN") and AAH Holdings, LLC ("Assisi") dated October 1, 2016 ("the October 2016 License Agreement"). *See* Ex. 1. The October 2016 License Agreement is part of Endonovo's December 22, 2017 Form 8-K and is publicly available. *See, e.g.,* https://www.sec.gov/Archives/edgar/data/1528172/000149315217015035/ex10-2.htm. Endonovo inherited the October 2016 License Agreement from RGN on December 22, 2017 and the agreement covers the patents-in-suit. *See* Ex. 1 at Appendix A.

Under the October 2016 License Agreement, Assisi is arguably a necessary party to this case. *See, e.g.,* Ex. 1 at IV.F. Endonovo first raised this issue with KVP on its own.[1] KVP has not disputed that Assisi is arguably a necessary party. Hudnell Decl. at ¶ 3. Accordingly, for the purposes of this motion, Endonovo assumes that the October 2016 License Agreement is valid and that Assisi is a necessary party under the agreement.

Because the October 2016 License Agreement was available to KVP at the

---

[1] Because Endonovo raised this issue in the context of settlement communications subject to Fed. R. Evid. 408, Endonovo has not included any of those communications with this Motion. Similarly, Endonovo objects to KVP's use of any of those communications in any response to this Motion.

time Endonovo filed its Complaint, KVP could have moved to dismiss this action under Fed. R. Civ. P. 12(b)(7) based on the October 2016 License Agreement. KVP, however, did not file such a motion. Accordingly, KVP waived this potential defense. *See Humboldt Baykeeper v. Union Pac. R.R. Co.*, No. C 06-02560 JSW, 2009 U.S. Dist. LEXIS 48131, at *6-8 (N.D. Cal. June 1, 2009) (stating that failure to join necessary parties defense may be waived if objections are not made in the first responsive pleading). Even if KVP had filed such a motion and the Court had granted it, it is well settled that a dismissal under Rule 12(b)(7) is without prejudice. *See Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) ("[I]t is clear that a dismissal for failure to join a party is not an adjudication on the merits, and thus, should not have preclusive effect—i.e., such a dismissal should be without prejudice."); *see also* Fed. R. Civ. P. 41(b).

Endonovo, however, could seek to join Assisi as a party under Fed. Rule Civ. P. 19. KVP has not disputed that Assisi can be joined under Fed. R. Civ. P. 19. Hudnell Decl. at ¶4. Endonovo, however, elects not to pursue a joinder motion.

Instead, to preserve the resources of the Court and the parties, Endonovo voluntarily moves to dismiss its claims for patent infringement against KVP without prejudice under Fed. R. Civ. P. 41(a)(2). Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It also provides that "a dismissal under this paragraph (2) is without prejudice." *Id.*

With this motion, Endonovo unconditionally and irrevocably covenants not to sue KVP for infringement of any claim of the patents-in-suit based on the products that KVP is currently making, using, selling, offering for sale, or importing, including but not limited to the accused products identified in the SAC, or the products that KVP has made, used, sold, offered for sale, or imported, including but not limited to the accused products identified in the SAC, at any time before the date of this covenant. The dismissal of Endonovo's infringement claims without

prejudice combined with Endonovo's covenant not to sue divests the Court of jurisdiction over KVP's counterclaims. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) ("[A] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts . . . ."); *Spicy Beer Mix, Inc. v. New Castle Bev., Inc.*, CV 14-00720 SJO (JEMx), 2014 U.S. Dist. LEXIS 181385, at *10 (C.D. Cal. Aug. 1, 2014) ("Even if an actual controversy exists, a covenant not to sue can extinguish it so long as the covenant is broad and unrestricted enough to make it 'absolutely clear [that] the allegedly wrongful behavior [of the defendant] could not reasonably be expected to recur.'"); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, Case No. CV 03-5965 PSG (MANx), 2007 U.S. Dist. LEXIS 98687, at *13 (C.D. Cal. Sep. 26, 2007) ("Counter-Defendants have covenanted not to sue Defendants in the future for products made, used or sold in the past and present, and this is sufficient to remove any actual controversy in the present."). Thus, Endonovo also moves to dismiss KVP's counterclaims without prejudice. Accordingly, Endonovo respectfully requests that the Court to grant this Motion to Dismiss all claims without prejudice with each party to bear its own costs, expenses, and attorney's fees.

## V.   CONCLUSION

For the foregoing reasons, Endonovo respectfully requests that the Court grant its motion to dismiss its claim for infringement without prejudice and KVP's non-infringement and invalidity counterclaims without prejudice with each party to bear its own costs, expenses, and attorney's fees.

| | | |
|---|---|---|
| DATED: October 8, 2019 | | **MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP** |
| | By: | /s/Lewis E. Hudnell, III<br>Roland Tong<br>Lewis E. Hudnell, III<br>Attorneys for Plaintiff<br>ENDONOVO THERAPEUTICS, INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2019, I electronically filed the foregoing **PLAINTIFF ENDONOVO'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew S. Dallmann, Esq.<br>Gary L. Eastman, Esq.<br>EASTMAN McCARTNEY DALLMANN, LLP<br>2603 Main St., Ste. 200<br>Irvine, CA 92614<br>andrew@emdllp.com<br>gary@emdllp.com | Attorneys for Defendant<br>KVP INTERNATIONAL, INC. |
| Alyssa N. Lawson, Esq.<br>Christopher K. Larus, Esq.<br>Sharon E. Roberg-Perez<br>ROBINS KAPLAN LLP<br>800 LaSalle Ave., Ste. 2800<br>Minneapolis, MN 55402<br>alawson@robinskaplan.com<br>clarus@robinskaplan.com<br>sroberg-perez@robinskaplan.com | Attorney for Defendant<br>KVP INTERNATIONAL, INC. |
| David Martinez, Esq.<br>ROBINS KAPLAN LLP<br>2049 Century Park Eas, Ste. 3400<br>Los Angeles, CA 90067-3208<br>dmartinez@robinskaplan.com | Attorney for Defendant<br>KVP INTERNATIONAL, INC. |

*/s/ Lily Coffin*
Lily Coffin